ZUCCHI MFG. CO. v. HERBERT.

(Supreme Court, Appellate Term.    March 13, 1911.)

ACCOUNT STATED (§ 19*)—ASSENT OF PARTIES—EVIDENCE—BURDEN OF PROOF.
In an action on an account stated, *held*, that plaintiff failed to sustain the burden of proof showing the defendant's assent thereto.
[Ed. Note.—For other cases, see Account Stated, Cent. Dig. §§ 91–93; Dec. Dig. § 19.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Zucchi Manufacturing Company against Frederick W. Herbert.    Judgment for plaintiff, and defendant appeals.    Reversed, and new trial ordered.

Argued before SEABURY, PAGE, and BIJUR, JJ.

James S. McDonogh, for appellant.
Campbell & Freeman, for respondent.

BIJUR, J.    Defendant was a decorator and dealer in furniture. Plaintiff's three witnesses, all officers of the company, testified that an account was stated by the acquiescence of the defendant at a conversation at which all four were present, and at which the account was presented.    Defendant denies the acquiescence, claiming that the difference between the parties arose in respect to a cabinet which he had ordered for a customer to be delivered in 8 weeks to cost $160, and which was not ready until the expiration of 19 weeks, whereupon the customer declined to accept it.    Plaintiff retained the cabinet, and on the day of the trial still had it.    The testimony of plaintiff's witnesses is unsatisfactory, and they contradict one another.    Two of them at least admit that defendant disputed the account, particularly as to the item mentioned, but they claim that he finally agreed to pay it.    Their testimony even in that regard, however, has too much the appearance of studied agreement to be entitled to much weight.

It seems that there were at least two accounts and possibly three in writing before the parties at the interview in question.    Each seemed to differ from the other, and the defendant claims that all were incorrect.    That there were at least two different ones is conceded by plaintiff.    Under such circumstances, it would hardly seem that plaintiff had sustained the burden of proof.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.    All concur.